**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GRANDON MARTINEZ PARKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00050-2)

Submitted:  June 17, 2008                    Decided:  July 9, 2008

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harold J. Bender, LAW OFFICE OF HAROLD BENDER, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 13, 2005, Grandon Martinez Parks, along with two other men, robbed a Petro Express station in Charlotte, North Carolina. Parks ultimately pled guilty without the benefit of a plea bargain to: conspiring to commit a robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(b)(3) (2000) (Count Two); committing a robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(b)(3) (Count Three); and possessing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008) (Count Four). Prior to sentencing the Government filed a motion to reduce Parks' sentence pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 and 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2008). The district court sentenced Parks to 24 months' imprisonment on Counts Two and Three, to run concurrently, and 60 months' imprisonment on Count Four, to run consecutively, for a total term of imprisonment of 84 months.

Parks timely noted his appeal. On appeal, Parks has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Parks has also filed a pro se supplemental brief in which he argues the district court erred in enhancing his sentence for brandishing a firearm as the firearm was possessed by his co-defendant and he never touched the weapon. We affirm the judgment of the district court.

A defendant's sentence may be enhanced for brandishing a firearm if a district court finds that the firearm was brandished by another during jointly undertaken criminal activity and the brandishing was a reasonably foreseeable act that occurred during the commission of the offense of conviction.  U.S.S.G. § 1B1.3; Harris v. United States, 536 U.S. 545, 567-68 (2002) (holding that increasing a sentence two years for brandishing a firearm based on judicial fact-finding does not violate the Fifth or Sixth Amendments).  Here, there is no dispute that Parks conspired to rob the Petro Express, a firearm was brandished by one of his co-defendants, and such brandishing during the robbery was a reasonably foreseeable act.  Accordingly, Parks' argument is without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Parks, in writing, of the right to petition the Supreme Court of the United States for further review.  If Parks requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Parks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED